SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4404 PA (RCx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | Ausberto Barahona v. Orkin Exterminating Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Rosa Morales | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendants Orkin Exterminating Company, Inc. and Rollins, Inc. ("Defendants").  Defendants asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

    Here, Defendants allege in their Notice of Removal that "Plaintiff was a resident and domiciliary of California at the time of the filing of the Complaint.  See, e.g., Exibit 'A', attached hereto, Complaint, ¶ 1 . . . .  Plaintiff continues to be a citizen of California today because Plaintiff's permanent residence

SEND<br>JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4404 PA (RCx) | Date | July 11, 2008 |
|---|---|---|---|
| Title | Ausberto Barahona v. Orkin Exterminating Co., et al. | | |

and domiciliary is in California." Notice of Removal, ¶ 3. The only evidence in support of the Notice of Removal's allegation concerning the citizenship of plaintiff is the Complaint. The Complaint, however, does not allege plaintiff Ausberto Barahona's ("Plaintiff") citizenship or domicile. Instead, the Complaint merely states that "[a]t all times mentioned, Plaintiff . . . was a resident of the County of San Diego, State of California." Complaint, ¶ 1. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005). Because the complaint merely alleges Plaintiff's residence, Defendants' allegation of Plaintiff's citizenship is insufficient to invoke this Court's diversity jurisdiction.

Because neither the "four corners" of the complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendants have not met their burden to establish this Court's jurisdiction. See Harris, 425 F.3d at 694. Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number BC 374628, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.